UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DISTRICT ATTORNEY, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:22-cv-00951 BAK (HBK) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

**INTRODUCTION**

Plaintiff DeCheri Hafer, proceeding *pro se*, originally filed a "Notice of Motion for Removal Pursuant 28 U.S.C. § 1443 and 28 U.S.C. SECTION 1441, and 28 U.S.C. SECTION 1332 With Memorandum of Points and Authorities" in the United States District Court for the Central District of California on July 22, 2022. (Doc. 1). On July 28, 2022, District Judge John A. Kronstadt ordered the action be transferred to this Court because all named defendants in the state court action reside in this district. (Doc. 4).[1]

Following review of Plaintiff's removal notice, and for the reasons given below, the court will recommend this action be dismissed.

//

---

[1] The Central District specifically noted, in pertinent part, that it was not deciding "whether removal is warranted under any statutory basis …." (Doc. 4 at 4.)

**DISCUSSION**

*Applicable Legal Standards*

28 U.S.C. § 1441(a) provides as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added).

Section 1443 of Title 28 of the United States Code states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court **may be removed by the defendant** to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (emphasis added).

Removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation & quotation marks omitted); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance" [internal quotations & citations omitted]); *Merced Irr. Dist. v. County of Mariposa*, 941 F.Supp.2d 1237, 1258 (E.D. Cal. 2013) ("'Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance'"). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

//

//

**Analysis**

*Plaintiff's Notice of Removal*

Briefly stated, Plaintiff's notice of removal is 54 pages long and includes more than 20 "cause[s] of action, and reason[s] for removal." (Doc. 1). Plaintiff cites to sections 1332,[2] 1441 and 1443 of Title 28 of the United States Code as the basis for removal and references Kern County Superior Court case number S1500cv281484, *Hafer v. City of Bakersfield, et al*. (*Id*.at 1.) Generally speaking, Plaintiff contends she was denied the right to a fair trial, due process, "and the civil rights to default, and default judgment pursuant to Federal [Rule] of Civil Procedure 55." (*Id*. at 2). Attached as exhibits to Plaintiff's notice are the following:

1. a letter dated October 15, 2014, from the Office of the County Counsel for the County of Kern, directed to Kern County Superior Court Judge Sidney P. Chapin enclosing a proposed order granting a motion to quash service (*id*. at 55);

2. a copy of the Order Granting Motion to Quash Service of Plaintiff's Summons and Complaint filed October 16, 2014 (*id*. at 56);

3. a copy of Plaintiff's Request for Accommodations by Persons with Disabilities and Response form filed January 6, 2015 (id. at 57);

4. a Declaration by Plaintiff filed November 3, 2014 (Doc. 1-1 at 1);

5. a Notice of Requestion/Request for Corrections by the Kern County Superior Court Clerk filed October 2, 2014 (id. at 2);

6. a Request for Entry of Default and Court Judgment by Plaintiff dated October 1, 2014 (id. at 3-4);

7. a Judicial Council Judgment form, JUD-100, with entries made in Plaintiff's handwriting, that is neither signed by a judge nor certified by a clerk (id. at 5-6);

---

[2] Plaintiff states this Court "has original jurisdiction pursuant [to] 28 U.S.C. SECTION 1332" (Doc. 1 at 1); however, that section concerns federal court jurisdiction where there is diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000. Here, the parties are not diverse for purposes of citizenship as all are in California, and Kern County in particular. Hence, § 1332 does not apply. Liberally construed, Plaintiff's notice can be understood to allege jurisdiction arising under a federal question by its references to Plaintiff's civil rights. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

      8.  a Memorandum of Costs After Judgment form, signed by Plaintiff and filed on June 26, 2013 (id. at 7); and

      9.  a Declaration by Plaintiff signed July 17, 2022 (id at 8-9).

### *The Defective Notice of Removal*

As an initial matter, 28 U.S.C. § 1446(a) requires that the moving party's notice of removal must be accompanied by "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." While Plaintiff has attached several pleadings or orders filed in the matter—as well as a number of documents not filed—Plaintiff has not attached the summons and complaint, nor any pleading or order relating to the outcome of the Kern County Superior Court matter. Therefore, Plaintiff has failed to comply with the requirements of 28 U.S.C. § 1446(a) and the Notice is thus defective.

### *Removal is a Procedure Available to Defendants*

More significantly, removal from state court to federal court is a procedure available to defendants named in the state court action. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States"). Plaintiff does not have a right to remove the action she originally elected to file in state court to federal court. *In re Walker*, 375 F.2d 678 (9th Cir. 1967) ("No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to federal court"). *See also Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("the removal statutes confine the right of removal from state court to federal district court to a defendant or defendants"); *Merced Irr. Dist. v. County of Mariposa*, 941 F.Supp.2d at 1258 ("removal is proper so long as the defendant has complied with the procedural requirements set forth in 28 U.S.C. § 1446"); *Geiger v. Arctco Enterprises, Inc.*, 910 F.Supp. 130, 131 (S.D.N.Y. 1996) ("right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from state court"); *Smith v. St. Luke's Hospital*, 480 F.Supp. 58, 61 (D.C.S.D. 1979) (a plaintiff has no right of removal under § 1441); *Reiter Oldsmobile, Inc. v. General Motors Corp.*, 477 F.Supp. 125, 126 (D.C. Mass. 1979) (only a defendant may remove a case); *Kane v.*

4

*Republica De Cuba*, 211 F.Supp. 855, 856 (D.C. Puerto Rico 1962) ("Only the defendant or defendants are entitled to remove the action"); *Victorias Mill Co. v. Hugo Neu Corp.*, 196 F.Supp. 64, 67 (S.D.N.Y. 1961) ("removal is a right exclusively available to a defendant").

Simply put, Plaintiff has no right to remove this action from the Kern County Superior Court to this Court.

### *Remand to State Court is Not an Option*

Typically, where removal is improper, remand is the remedy. *See, e.g.*, *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("the district court generally *must* remand the case to state court, rather than dismiss it"); *Gerard Ange v. Templer*, 418 F.Supp.2d 1169, 1171 (N.D. Cal. 2006) (removal "strictly construed such that any doubts are resolved in favor of remand"); *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 445 (M.D.N.C. 1982) (failure to comply with removal statutes "constitutes an adequate ground for remand to state court"); *Mabray v. Velsicol Chemical Corp.*, 480 F.Supp. 1240, 1242 (W.D. Tenn. 1979) ("case must be remanded if at any time it appears the case was removed improvidently and without jurisdiction"); *Pettit v. Arkansas Louisiana Gas Co.*, 377 F.Supp. 108, 109 (E.D. Okla. 1974) (district court should sua sponte remand case to state court if its jurisdiction is not proper). Here, however, remand is not available.

According to Kern County Superior Court records, Plaintiff's state court action was dismissed with prejudice on June 16, 2020.[3] Those records further indicate Plaintiff's motion to vacate judgment of dismissal and reinstate the case was denied March 4, 2021. A second or amended motion to vacate judgment of dismissal and reinstate the case was denied on June 3, 2021. Because Plaintiff's Kern County Superior Court case was dismissed with prejudice, remand is unavailable, and dismissal of this action is appropriate. *See, e.g.*, *Jones v. Newton*, 775 F.2d 1316, 1318 (5th Cir. 1985) ("remand should not be ordered, however, unless the state court can proceed to act on the case once it gets there; the plaintiff should have some legal possibility of recovering against some defendant").

---

[3] *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1116 (C.D. Cal. 2010) (a court may take judicial notice of court records); https://portal.kern.courts.ca.gov/case-details/WLmZn, accessed August 2, 2022, concerning case number S1500cv281484.

5

**CONCLUSION AND RECOMMENDATIONS**

In sum, Plaintiff does not have the right to remove the state court action she initiated in Kern County Superior Court, to a federal district court. Further, because remand in this instance is unavailable, dismissal of this action is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  August 2, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE