UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>        Plaintiff,<br><br>    v.<br><br>DISTRICT ATTORNEY; CITY OF BAKERSFIELD; COUNTY OF KERN; and SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN<br><br>        Defendants. | Case No. 1:22-cv-00951-KES-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Doc. 11 |

On January 6, 2023, plaintiff DeCheri Hafer filed a pleading entitled, "Notice of Motion for Default and Default Judgments by the Court; Notice of Motion to Vacate All Judgments Plaintiff Objects to Within This Motion; Pursuant Rule 55 (A) Federal Rule of Civil Procedure with Memorandum of Points and Authorities." Doc. 55. Hafer's motion amounts to 97 pages, including 70 pages of exhibits. *See id.* Liberally construed, Hafer seeks reconsideration of the September 9, 2022 order dismissing her case.[1] For the reasons set forth below, the Court denies the motion.

---

[1] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id.* Here, Hafer objects to numerous purported orders of the Court and requests that the Court enter default and default judgment against defendants but principally objects to the order dismissing her case. *See generally* Doc. 11. Thus, the motion is most accurately construed as a motion for reconsideration of that order.

**I.     BACKGROUND**

On July 22, 2022, Plaintiff DeCheri Hafer, appearing pro se, filed a notice of removal in the United States District Court for the Central District of California seeking removal from the Kern County Superior Court. Doc. 1. On July 28, 2022, the assigned district judge ordered the matter to be transferred to this Court, without deciding "whether removal [was] warranted under any statutory basis." Doc. 4.

On August 3, 2022, the assigned magistrate judge issued findings and recommendations recommending dismissal of this case because 28 U.S.C. §§ 1441 and 1443 permit only a defendant, not a plaintiff, in a state court action to remove the matter to federal court.[2] Doc. 8 at 2, 4–5. Moreover, the magistrate judge found that remand to state court was not available because Hafer's state court action was dismissed with prejudice on June 16, 2020. *Id*. at 5. The findings and recommendations were served on Hafer's address of record on August 3, 2022, and Hafer did not file any objections. *See* Docket. The previously assigned district judge adopted the findings and recommendations in full on September 9, 2022, and dismissed the case. Doc. 9. Judgment was entered the same day. Doc. 10.

Roughly four months later, on January 6, 2023, Hafer filed the instant motion. Doc. 11. In it, Hafer asks the Court to enter default judgments against the defendants under Rule 55(a), and objects to several purported orders of the Court. Specifically, Hafer "objects to the court refusing to issue and file plaintiff's summons to commence the action upon personal service upon the defendants," objects "to the court denying plaintiff [sic] motions for the court to waive all court fees and pacer filings fee," objects "to the United States district court dismissing plaintiffs [sic] case/action without giving the plaintiff any prior notice of hearing," contends she was "denied a fair trial," and objects to her "motion for free copies of all transcripts being denied."[3] *Id*. at 2–3. As noted above, this motion is best construed as a request for reconsideration of the Court's order

---

[2] The Court notes that Hafer also failed to pay the filing fee or submit an application to proceed in forma pauperis, which would have provided an alternative, independent basis for dismissal of this action.

[3] The docket in this case reflects that no such motions were filed before this Court. *See* Docket.

2

dismissing this case. For the reasons set forth below, the motion is denied.

## II.     LEGAL STANDARD

Relief from an order issuing a final judgment may be granted under Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g.*, *Langley v. Well Path Med.*, No. 2:19-cv-01022-TLN-DMC, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020). If a motion for relief from an order or judgment is filed within the time provided for by Rule 59(e), it should be considered a motion for reconsideration pursuant to Rule 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 888–89 (9th Cir. 2001). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Otherwise, the motion is treated as a Rule 60(b) motion for relief from a judgment or order. *Id.*

Rule 60(b) motions are largely addressed to the discretion of the district court. *See Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975); *Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730 (9th Cir. 1971). Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Additionally, under Local Rule 230, in an application for reconsideration, a party must submit a brief specifying "what ruling, decision, or order" is being challenged, and "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

///

///

3

### III. ANALYSIS

The order dismissing this case was entered on September 9, 2022, and Hafer filed this motion more than 28 days later, on January 6, 2023. *See* Docs. 9, 11. Therefore, this motion is properly treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors*, 248 F.3d at 888–89. Hafer does not specify on what basis under Rule 60(b) she challenges the order dismissing her case. Given the content of Hafer's motion, it appears most appropriate to consider her motion as requesting relief under Rule 60(b)(1) or (6) for "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief," respectively. A motion under Rule 60(b) must be made within a reasonable time and, if based on Rule 60(b)(1), (2), or (3), "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Hafer filed this motion on January 6, 2023, which is roughly four months after the order to dismiss was entered in this case. *See* Docs. 9, 11.

Rule 60(b)(1) authorizes courts to relieve parties from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). Liberally construed, Hafer contends the Court legally erred in its decision to dismiss her case. *See* Doc. 11 at 2 ("Plaintiff objects to [the Court] dismissing [her] case/action without giving [her] any prior notice of [a] hearing, . . . dismissing [her] case without . . . due process of law, and without giving [her] the right to make an oral, or written objection").

No legal error was made here. The previously assigned district judge correctly adopted the findings and recommendations, which concluded that *a plaintiff* may not remove a case from state court to federal court. Doc. 8 at 2, 4–5; *see also* Doc. 9 (adopting the findings and recommendations). Rather, under the removal statutes, only *a defendant* may remove a case from state court to federal court. Doc. 8 at 2, 4–5 (citing 28 U.S.C. §§ 1441, 1443 and collecting cases holding the same). Additionally, remand was not appropriate, as plaintiff's case in state court was dismissed with prejudice prior to her attempted removal to federal court. *Id.* at 5 (citing *Jones v. Newton*, 775 F.2d 1316, 1318 (5th Cir. 1985)).

///

///

Nor did the Court dismiss plaintiff's claim without giving her notice and an opportunity to object.[4]  As noted, on August 3, 2022, the assigned magistrate judge issued findings and recommendations that plaintiff's claims be dismissed.  Doc. 8.  The findings and recommendations were served on plaintiff and informed her that any objections were due within 14 days.  *Id.* at 6.  Plaintiff failed to file any objections.  *See* Docket.

Plaintiff is also not entitled to relief under Rule 60(b)(6).  The Ninth Circuit has cautioned that the Rule 60(b)(6) "catch-all provision" should be "used sparingly as an equitably remedy to prevent manifest injustice" and should be "utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Harvest v. Castro*, 531 F.3d 737, 747–48 (9th Cir. 2008) (citation omitted).  A party moving for relief under this provision "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion."  *Id.* (citation omitted).  Here, Hafer has neither demonstrated that the judgment was erroneous nor circumstances beyond her control to demonstrate that this extraordinary remedy is warranted.

Moreover, Hafer's motion meets none of the criteria required by Local Rule 230(j).

### IV. CONCLUSION AND ORDER

Accordingly, Hafer's motion for reconsideration, Doc. 11, is denied.

IT IS SO ORDERED.

Dated:   June 27, 2025

UNITED STATES DISTRICT JUDGE

---

[4] To the extent plaintiff argues that she was entitled to an in-person hearing prior to the dismissal of her case, such argument is without merit.  *See, e.g., Rector v. N.Y. Bank of Mellon*, No. LA CV 12-08587-VBF, 2014 WL 12047052, *4 (C.D. Cal. Aug. 7, 2014) (collecting cases holding there is no due process right to deliver oral argument or be heard at in-court hearing, opportunity to submit briefs constitutes the requisite opportunity to be heard).

5